**RELIGIOUS TECHNOLOGY CENTER, a California non-profit corporation, Plaintiff–Appellant,**

v.

**Grady WARD, an individual, Defendant–Appellee.**

No. 01–16110.

D.C. No. CV–96–20207–JF.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted April 10, 2002.

Decided April 19, 2002.

Before O'SCANNLAIN and TALLMAN, Circuit Judges, and KING, District Judge.*

MEMORANDUM **

Religious Technology Center ("RTC") appeals the district court's denial of its

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

motion to execute on the judgment. The facts and prior proceedings are known to the parties; they are not recited herein, except as necessary.

 The district court possessed authority to determine whether Ward triggered RTC's right to execute on the judgment. The district court retained ancillary jurisdiction over issues regarding breach of the settlement agreement because the court's settlement order incorporated the terms of the agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

 RTC had no right to execute on the judgment because Grady Ward did not materially breach the settlement agreement. *See First Interstate Bank of Idaho v. Small Bus. Admin.*, 868 F.2d 340, 343 (9th Cir.1989); *Restatement (Second) of Contracts* § 241 (1979). Ward reasonably assumed that the $10,000 obligation was conditioned on his receiving an advance from his book deal. Indeed, the plain language of the settlement agreement suggests that the obligation is conditional. When the district court determined that the obligation was unconditional, Ward promptly offered to pay the full amount plus interest. In these circumstances, Ward's delay in tendering the $10,000 is not a material breach of the agreement. *See, e.g., First Interstate Bank of Idaho*, 868 F.2d at 343.

AFFIRMED.